UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CODY ALLEN RUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:23-CV-295-DCLC-SKL |
| | ) | |
| LINCOLN COUNTY JAIL, | ) | |
| VICKY AFISOV, | ) | |
| CHRIS THORNTON, and | ) | |
| BRIAN JENKINS, | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner representing himself in a civil rights action under 42 U.S.C. § 1983, filed a motion to proceed without prepayment of fees [Doc. 1], Complaint [Doc. 2], motion to appoint counsel [Doc. 3], and motion for default judgment [Doc. 4]. For the reasons set forth below, Plaintiff's motion to proceed without prepayment of fees will be granted, the Complaint will be dismissed for failure to state a claim upon which relief may be granted, and the remaining motions will be denied as moot.

**I.     MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

It appears from Plaintiff's motion [Doc. 1] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only

when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF PLAINTIFF'S COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

B.  **Plaintiff's Allegations**

Sometime between June and August of 2016, Plaintiff was raped by another inmate in the bathroom of Pod 143 of the Lincoln County Jail [Doc. 2 p. 5–6]. Plaintiff did not receive any subsequent medical evaluation or treatment, but he was placed in "the hole" for two weeks following the incident [*Id*. at 5]. Defendant Vicky Afisvo and non-party Chris Thornton were advised of the incident but failed to take any action [*Id*. at 13]. Chris Thornton tried to make Plaintiff sign sex offender registry papers, but Plaintiff refused, as he was the victim [*Id.* at 12, 13–14].

In 2018, Plaintiff got a "kitchen job" and was placed in the same "work pod" as his rapist [*Id*. at 14]. Feeling unsafe, Plaintiff asks to be moved "[e]verytime [he] get[s] arrested[,]" but officials still place him in the Lincoln County Jail because it's "to[o] much work" to place him in a different facility [*Id.*].

3

On November 30, 2023, Defendant Brian Jenkins told Plaintiff "that he will move [him] w[h]ere[]ever they feel like mov[]ing him" [*Id*. at 22]. On December 1, 2023, non-party Chief Administrator, Jim Baldwin, told Plaintiff he would not be moved to the "sentenced state pod" because the Tennessee Department of Correction ("TDOC") would come to "get [Plaintiff] shortly" [*Id*. at 22]. But as Plaintiff is a convicted prisoner, he claims it violates state law to house him in the same pod with county inmates [*Id*.].

Also, the Lincoln County Jail has generally treated Plaintiff unfairly because he is "part of the LGBTQ community" [*Id*. at 22, 23]. Plaintiff has been called "Qu***s, fa***ts" [*Id*. at 22]. Defendant Jenkins once told Plaintiff, "Mr. Rush[,] you[']r[e] not the only qu**r in this Jail" [*Id*.]. And aside from the "very rude and disrespectful" staff, the jail "is nasty and disgusting" with dirt and bugs [*Id*.].

Plaintiff has sued the Lincoln County Jail and Defendants Vicky Afisov, Chris Thornton, and Brian Jenkins in their individual capacities for the constitutional violations alleged in the Complaint [*Id*. at 2–3]. As relief, Plaintiff seeks $1 million in damages [*Id*. at 5].

    **C.    Analysis**

        **1.    Improper Defendant**

Plaintiff cannot maintain suit against the Lincoln County Jail, as a jail is a building, not an entity subject to suit under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35

F.3d 1046, 1049 (6th Cir. 1994))). And while Lincoln County is a suable entity, Plaintiff does not attribute any wrongdoing to a custom or policy of Lincoln County as is necessary to state a claim against it under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Therefore, Plaintiff's Complaint fails to state a claim as to the Lincoln County Jail. This Defendant will be **DISMISSED**.

### 2. Time-Barred Claims

Plaintiff's claims that he was raped in 2016 and denied medical treatment and that he was forced to work with his rapist in 2018, are barred by the applicable statute of limitations. Tennessee's statute of limitations for personal injury actions is applicable to Plaintiff's § 1983 claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See Tenn. Code Ann.* § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable, s*ee Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action is complete, *Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule starting limitations period is "when the plaintiff has a complete and present cause of action").

5

Plaintiff's claims of rape and improper work placement were discoverable and complete when the acts occurred, the latest of which occurred in 2018. However, Plaintiff did not file the instant suit until November 2023[1] [Doc. 2 p. 11], which is well past the expiration of the one-year limitations period for these allegedly unconstitutional actions. Therefore, these claims must be dismissed. *See In re Royal Manor Mgmt., Inc.*, 652 F. App'x 330, 339–40 (6th Cir. 2016) (noting that "courts have no authority" to modify "statute-of-limitations deadlines"); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.") (citation omitted).

### 3. Housing Claims

Plaintiff presents two housing claims: (1) he feels unsafe and wants to be moved to a different facility, and (2) that as a TDOC inmate, it is against the law to house him with county inmates.

First, the Court finds Plaintiff has not presented any facts to suggest that he is currently housed in unsafe conditions; his claims of rape and/or proximity to his rapist are based on events that occurred at least five years prior to the filing of the Complaint. And there are no facts in Plaintiff's Complaint from which the Court could infer that Plaintiff is still housed with or near his alleged rapist. Therefore, the allegation that he is unsafe is conclusory and fails to state a claim upon which relief may be granted. *See Twombly*, 550 U.S. at 570.

---

[1] Plaintiff signed his Complaint form on November 30, 2023 [Doc. 2 p. 11]. A prisoner's petition is deemed "filed" when it is submitted to prison officials for mailing. *See, e.g., Houston v. Lack*, 487 U.S. 266, 273 (1988). Under Sixth Circuit precedent, the date Plaintiff signed the document is typically deemed the date of handing it to the prison authorities for mailing. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

Also, Plaintiff has no liberty interest in his housing placement, and he has not set forth any circumstances that would justify the Court's intervention into the administrative decision of where to house him. *See McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (holding prisoner housing is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances); *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (noting that, absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed); *Glover v. Johnson*, 855 F.2d 277 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration and instructing that courts should not "attempt to administer any portion of a state correctional system program except in the most compelling situations"). This conclusion is not altered by Plaintiff's claim that it violates state law to house him with county inmates, as § 1983 provides redress for violations of federal, not state, law. *See, e.g., Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). Accordingly, Plaintiff's claims relating to his housing will be **DISMISSED**.

4.   **Conditions Claim**

In a one-sentence claim, Plaintiff complains that the Lincoln County Jail is "nasty and disgusting[,]" dirty, and has bugs [Doc. 2 p. 22]. Only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" violate a prisoner's rights under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)(citations and quotation marks omitted). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Rhodes*, 452 U.S. at 347. In analyzing Plaintiff's claims in this regard, Plaintiff

7

has not presented any facts from which the Court could plausibly infer that the conditions he faces at the Lincoln County Jail pose an unreasonable risk of damage to his health. Accordingly, these allegations fail to state a claim upon which § 1983 relief may be granted, and this claim will be **DISMISSED**.

### 5. Language Claim

Plaintiff maintains that he is spoken to disrespectfully because he is "part of the LGBTQ community" [Doc. 2 p. 23]. The Sixth Circuit has been clear that as deplorable and unprofessional as name-calling might be, the use of disparaging language does not raise a constitutional issue. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (finding verbal abuse and harassment do not constitute "punishment" in the constitutional sense or otherwise raise a constitutional issue); *Faulkner v. Davidson Cty. Sheriff's Off.*, No. 3:14-MC-00740, 2014 WL 3723205, at *2 (M.D. Tenn. July 24, 2014) ("Allegations of threats and verbal abuse do not state cognizable claims under § 1983." (citing *Williams v. Gobies,* 211 F.3d 1271, 2000 WL 571936, at *1 (6th Cir. May 1, 2000))). Therefore, this claim will be **DISMISSED**.

### 6. Equal Protection Claim

Plaintiff's claim that he is treated differently because of his membership in "the LGBTQ community" is construed as a claim that Plaintiff has been denied the right to equal protection of the laws. The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate

8

treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

Here, Plaintiff has not presented any facts suggesting that he is similarly situated to his comparators who have received more favorable treatment, and his allegations are properly dismissed as conclusory. *See Twombly*, 550 U.S. at 570. Moreover, Plaintiff has a separate lawsuit currently pending before the Court in which he claims that the Lincoln County Jail has discriminated against him [*See Rush v. Lincoln County Jail*, No. 4:23-CV-50 (E.D. Tenn.), Doc. 1]. And it is well settled that courts generally "avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Therefore, this conclusory and duplicative claim will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed without prepayment of fees [Doc. 1] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983, and this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A;

5. Plaintiff's motions for default judgment [Doc. 4] and to appoint counsel [Doc. 3] are **DENIED** as moot; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good

faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

s/Clifton L. Corker<br>United States District Court